### BRYANTHIA R. WEBB vs. THOMAS J. NIGHTINGALE.

If a bill in equity, brought to redeem land from a mortgage on the day before a foreclosure would have become absolute, is made returnable in the wrong county and dismissed for want of jurisdiction, and there has been no tender, or agreement by the mortgagee to extend the time for the redemption of the mortgage, the foreclosure will not be opened on a new bill to redeem brought nearly a year after the dismissal of the former one.

BILL IN EQUITY to redeem land from a mortgage. The case was reserved for the determination of the whole court, by *Hoar*, J., upon bill, answer and evidence. The facts are sufficiently stated in the opinion.

*E. Avery*, for the plaintiff.

*C. A. Welch*, for the defendant.

FOSTER, J. We fail to find in the facts of the present case any equity entitling the mortgagor to open the foreclosure of the mortgage, and redeem an estate which has become absolute in

the mortgagee by three years' possession taken and recorded in the mode provided by statute.

1. There was no tender of the amount due on the mortgage. This claim is wholly unsupported by the evidence.

2. There was no contract to extend the time of redemption. Viewing in the most liberal light all that passed between the parties, we can give it no construction more favorable to the mortgagor, than to conclude that they negotiated as to such an extension of the equity of redemption, but failed to make any contract.

3. The equitable circumstances relied upon to sustain the present bill are wholly insufficient. Ordinarily, if not always, a statute bar such as the foreclosure of a mortgage by entry and three years' possession is conclusive, both in law and equity, and this court possesses no jurisdiction to engraft upon a statute equitable exceptions which the legislature have omitted. But if under any circumstances equity could relieve against a foreclosure thus made absolute, the present case does not call for the exercise of such an extraordinary power. The first suit to redeem was commenced January 25th 1862, the last day before the foreclosure became absolute, and it was dismissed May 17th 1862. The present bill was inserted in a writ January 15th 1863, but was not entered in court until April 2d 1863. Nor was any copy of the writ and description of the premises deposited in the office of the clerk of courts, pursuant to Gen. Sts. c. 140, § 24. Consequently until that day no bill to redeem was pending. And such long delay, in a matter where the utmost promptness would be necessary to entitle the plaintiff to any possible relief from the consequences of his own mistake, is a complete answer to this bill. We need not therefore inquire whether it could or ought to have been maintained if commenced immediately after the former one was dismissed.

*Bill dismissed with costs.*